916

CATHERINE SCHOMAS, Plaintiff-Appellant, *v.* RONALD LINK, Defendant-Appellee.

(No. 71-178;

Third District—November 30, 1972.

Donald Norton, of Earlville, and Wolslegel & Armstrong, of Ottawa, both for appellant.

Hupp & Irion, of Ottawa, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from an order of the circuit court of La Salle County denying plaintiff's post-trial motion for a new trial. Plaintiff brought an action against defendant for injuries sustained when she was hit in a crosswalk by defendant's car. The jury returned a verdict in favor of defendant, and plaintiff filed a motion for a new trial. The trial judge denied the motion, finding that a question of fact existed on the issue of liability, and, more specifically, that the issue of plaintiff's contributory negligence was a question of fact for the jury.

On this record, the jury could have found defendant negligent and plaintiff free from contributory negligence or defendant negligent and plaintiff contributorily negligent. Thus, we conclude that the verdict of the jury was not against the manifest weight of the evidence and that the circuit court was correct in denying plaintiff's motion for a new trial.

■■ The evidence in this case showed that defendant was negligent as a matter of law. It was a clear, dry day and there were no obstructions to his view of the pedestrians. He testified that he did not see plaintiff

or her daughter until after he stopped his car, which event followed the collision.

██ A question of fact existed concerning plaintiff's contributory negligence. Argument was made that plaintiff could not have been hit five feet from the curbing which she was approaching on Columbus Street if she had crossed with the "walk" signal. Defendant had turned left onto Columbus Street on a green light. However, this light turned green 5 seconds before plaintiff got a "walk" signal. Thus, a jury could decide on the basis of these facts that plaintiff started across the street on the "wait" sign and was not using ordinary care for her own safety.

Accordingly, pursuant to Supreme Court Rule 23 adopted effective January 31, 1972, the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.